Magistrate Judge Mary Alice Theiler

FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 14 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. MJ17-096 |
|---|---|
| Plaintiff, | COMPLAINT for VIOLATION<br>U.S.C. Title 8 Section 1326(a)<br>(Illegal Reentry After Deportation) |
| v. | |
| ELVIS DIAZ-ELVIR | (Felony) |
| Defendant. | |

BEFORE Magistrate Judge Mary Alice Theiler, United States Courthouse, 700 Stewart Street, Seattle, Washington.

## COUNT I

On or about September 12, 2016, at Seattle, within the Western District of Washington, ELVIS DIAZ-ELVIR, an alien, a native and citizen of Honduras, who was previously arrested and deported from the United States on December 20, 2007, at Phoenix, Arizona was found after knowingly and voluntarily reentering the United States without the express consent of the Secretary of the Department of Homeland Security.

All in violation of Title 8, United States Code, Section 1326(a).

The undersigned complainant being duly sworn states:

1.     I, Carina G. Benito, am a Deportation Officer in the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), assigned to the Office of Enforcement and Removal Operations (ERO) for the Seattle District Field Office in Tukwila, Washington. I am a Deportation Officer of ICE, and its predecessor, the Immigration and Naturalization Service (INS). Part of my duties entail the location and apprehension of foreign nationals in the United States who are or have been engaged in criminal activity.

The following information is based on my investigation; the investigation of other officers and agents of ICE; official records of United States Citizenship and Immigration Services (hereinafter "CIS"); the Superior Court of Washington for King County; the California Superior Court for San Francisco County; and the Third District Court for Salt Lake County, Utah.

2.     My investigation has revealed that CIS maintains an alien registration administrative file, commonly referred to as an A-file, 200 130 015, on ELVIS DIAZ-ELVIR. A-file 200 130 015 is the official Immigration file maintained by CIS, and is a consolidated repository of all known Immigration contacts with ELVIS DIAZ-ELVIR hereinafter "defendant." Documents in the A-file show the defendant is a native and citizen of Honduras.

3.     The A-file of the defendant contains certified conviction documents from the records of the Superior Court of Washington for King County; the California Superior Court for the County of San Francisco; and the Third District Court of Salt Lake County, Utah. The immigration file of the defendant does not contain the document noted at subparagraph (b) which is mentioned in the defendant's criminal record, but was found on a national criminal data base. These records indicate that the defendant was convicted of the following offenses:

    a.     Superior Court of Washington for King County, cause number

16-C-03385-3 SEA, Violation of Uniform Controlled Substance Act-Deliver Cocaine, in violation of Washington Revised Code 9A.28.030(I) and 69.50.401(I) and (2)(a), sentenced to 10 months on October 21, 2016.

      b.    California Superior Court for the County of San Francisco, cause number 15-015989, Possession/Purchase for Sale Narcotic/Controlled Substance, in violation of California Health and Safety Code 11352(A), sentenced to 45 days in jail and 18 months' probation on August 15, 2015.

      c.    Third District Court for Salt Lake City County, Utah, cause number 071907346, for Distribute/Offer/Arrange to Distribute Controlled Substance, in violation of Utah Code Title 58, Chapter 37, Section 8(1)(a)(ii), sentenced to 60 days in jail and 36 months' probation on October 18, 2007.

4.    Within the A-file of the defendant, there is an I-205 Warrant of Removal document. This document reflects that the defendant was deported on December 20, 2007, at Phoenix, Arizona.

Forms I-205 bears the fingerprint and photograph of the defendant as physical proof of his deportation from the United States to Honduras.

5.    On November 22, 2007, the defendant was processed for administrative removal and was served with a Final Administrative Removal Order on November 28, 2007, in Salt Lake City, Utah. The Removal Order was issued ordering the defendant be deported to Honduras as a result of the admissions he made to the charges as set forth in the Notice of Intent to issue a Final Administrative Removal Order. The admissions concern his illegal presence in the United States and his conviction for Distribute/Offer/Arrange to Distribute Controlled Substance. The defendant was deported to Honduras on December 20, 2007. However, he later returned to the United States.

6.    On September 12, 2016, the defendant was brought to the attention of Deportation Officer (DO) Robert Mason as a referral from the Priority Enforcement Program. The defendant was incarcerated at the King County Jail charged with Delivery

of Cocaine. DO Mason conducted database queries such as Treasury Enforcement Communication System (TECS) and the Citizenship and Immigration Service (CIS) on ELVIS DIAZ-ELVIR that revealed a match for A-file 200 130 015 and FBI number 785812TC9 as well as the convictions noted in paragraph above. DHS record checks established the defendant was deported from the United States to Honduras on December 20, 2007. An Immigration Detainer was placed with the King County Jail on the same day.

7. On February 27, 2017, the defendant was released from King County Jail to the street after his sentence had been served. On the same day DOs K. Burg, A. Florence, M. Hicks and J. Franzone contacted the defendant on the street at 500 Fifth Avenue, Seattle, Washington. At that time, the defendant was identified based on his recent photo taken at the King County Jail. The officers identified themselves as ICE officers. DO Franzone asked the defendant to identify himself, but he refused to answer. DO Franzone read the defendant his *Miranda* rights and took him into administrative. At the ERO Field Office in Tukwila, Washington, the defendant's identity and legal status was confirmed by running his biometrics thru immigration databases.

8. DO Franzone advised the defendant of his *Miranda* rights for the second time via a standard ICE Statement of Rights form. The defendant indicated that he understood his rights, and that he was willing to answer DO Franzone's questions. During questioning, the defendant admitted to several things, including the following:

    a. his true name is ELVIS POMPILIO DIAZ- ELVIR;
    b. he was born in Honduras;
    c. he is a citizen and national of Honduras;
    d. he was last deported to Honduras in 2007 at Phoenix, Arizona;
    e. he illegally re-entered on 2012, near Tucson, Arizona; and
    f. he did not receive permission from a United States official to re-enter the United States after his deportations.

9. On February 27, 2017, DO Franzone fingerprinted the defendant at the Tukwila Field Office. On March 3, 2017, I electronically submitted his fingerprints to the FBI via the Integrated Automated Fingerprint Identification System (IAFIS). I submitted the defendant's fingerprints as a Search with Verification Transaction, which is a request to an FBI fingerprint examiner to confirm a potential match between the defendant and other IAFIS candidates as maintained by the FBI's Criminal Master File. On February 3, 2017, I received confirmation from the FBI that the fingerprints I submitted of the defendant were a match with FBI number 785812TC9. This is the same FBI number associated with the defendant's alien registration file, 200 130 015, and the criminal convictions noted in paragraph 3 above.

10. I have conducted a complete and thorough review of the defendant's Immigration A-file 200 130 015, which contains no evidence he has applied for or received permission to reenter the United States after deportation.

11. Based on the foregoing, I have probable cause to believe that ELVIS DIAZ-ELVIR has reentered the United States knowingly and voluntarily without the express consent of the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

_____
Carina G. Benito, Complainant
ICE Deportation Officer

Reviewed by AUSA Don Reno

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence this March 14, 2017, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

_____
Mary Alice Theiler
United States Magistrate Judge